UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARY SCHULTE,<br><br>       Plaintiff,<br><br>v.<br><br>ARAMARK SERVICES, INC.,<br><br>       Defendant. | Case No. 16-cv-04429-JCS<br><br>**ORDER DENYING MOTION FOR RELIEF TO SET ASIDE ORDER ON DISMISSAL PURSUANT TO RULE 60 AND MOTION TO INTERVENE PURSUANT TO RULE 24**<br><br>Re: Dkt. No. 31 |

## I.    INTRODUCTION

This personal injury action, which was removed from state court on the basis of diversity jurisdiction, was filed by Mary Schulte, a registered nurse who was injured when she slipped and fell on a wet floor while working at St. Mary's Hospital, in San Francisco, California. Schulte sued Aramark Services, Inc. ("Aramark"), which provides custodial services at St. Mary's under contract, and the parties eventually entered into a settlement. A stipulated dismissal was filed on August 7, 2017 and the Court granted the stipulation on August 9, 2017. Presently before the Court is a motion ("Motion") by Schulte's employer, Dignity Health, to vacate the dismissal under Rule 60(b) and allow Dignity Health to intervene in the action pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure. The Court concludes that the Motion is suitable for determination without oral argument and therefore **vacates the hearing scheduled for September 22, 2017.** For the reasons stated below, the Motion is DENIED.[1]

---

[1] Schulte, Aramark and Dignity Health have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court<br>Northern District of California

## II.    BACKGROUND

From the earliest days of this case, it was apparent that Aramark's potential exposure to liability turned on a key factual question, namely, whether the employee alleged to have created a dangerous condition at St. Mary's (identified only as "Marcela" in the complaint) was an employee of Aramark. *See* Docket No. 13 (November 4, 2016 Minutes of Initial Case Management Conference stating that "[a] third-party subpoena shall issue to St. Mary's to determine the identity of the person who was involved in the janitorial service location where the slip and fall occurred."). The Court delayed setting a schedule in the case to allow the parties to address this issue and in February 2017, Schulte's counsel contacted counsel for her employer, Dignity Health, to discuss the case. *See* Dkt No. 32, Ex. 1. Schulte's counsel explained that he was seeking information to determine whether the alleged negligence was likely to have resulted from the conduct of an Aramark employee or an employee of Dignity Health, and he subsequently served a subpoena on Dignity Health seeking that information. *See* Dkt. No. 32. Counsel for Dignity Health "confirmed that the janitorial staff was . . . employed by Dignity Health and was only supervised by Aramark personnel." Dkt. No. 32 (Viadro Decl.) ¶ 4. Schulte therefore took the position that Aramark negligently supervised the Dignity Health employee who allegedly created a dangerous condition but recognized that with this new information her case against Aramark "became thinner." *Id.* ¶ 5.

On March 24, 2017, the Court set a schedule in the case and on March 27, 2017 the parties agreed to conduct a mediation, set for July 19, 2017. Dkt. Nos. 22, 24. On July 21, 2017 Aramark and Schulte informed the Court that they had entered into a settlement agreement and that a request for dismissal with prejudice would be filed within 30 days. Dkt. No. 26. According to Schulte's counsel, the case was settled "for a fraction of its anticipated original value due to the high level of [Dignity Health] employee fault." Dkt. No. 32 ¶ 5.

On the same date the parties informed the Court that Schulte had settled her claims against Aramark (July 21, 2017), Schulte served a Notice of Third Party Settlement ("Notice of Settlement") on Dignity Health, which had paid workers' compensation benefits to Schulte. Dkt. No. 32 ¶ 6 & Ex. 2 (Notice of Settlement ). The Notice of Settlement stated that Schulte's

2

"general and special damages were in excess of $1,300,000" but that she had settled her claims against Aramark for only $100,000 because of the "high degree of employer fault." Dkt. No. 32, Ex. 2 (Notice of Third Party Settlement).

Ten days later, on July 31, 2017, Dignity Health's counsel sent via email a "Notice of Subrogation Representation/ Notice of Labor Code Obligations Not to Dismiss Case Until Dignity Health Has Intervened / Notice of Intent to Intervene" (hereinafter "Notice of Intent") to counsel for Schulte and Aramark. Dkt. No. 31, Exs. B (email) & C (attached Notice of Intent). In the Notice of Intent, Dignity Health acknowledged receipt of the Notice of Settlement. The Notice of Intent stated further:

> **NOTICE OF LABOR CODE OBLIGATIONS NOT TO DISMISS CASE UNTIL DIGNITY HEALTH HAS INTERVENED**
>
> Under Labor Code Section 3859 and 3860 no settlement is binding without the opportunity for the employer to be reimbursed its subrogation damages or right to proceed to recover compensation in accordance with Labor Code Section 3852.
>
> I have not been given any indication that the plaintiff intends on negotiating or satisfying my client's subrogation lien. Please advise whether you intend on negotiating the lien.
>
> **Demand is hereby made that plaintiff Mary Schulte nor defendant Aramark Services file a Dismissal of the third-party case until after we had the opportunity to intervene into the case by way of Motion with the court.**
>
> **We intend on filing the Motion to Intervene into the case no later than August 18, 2017. Therefore Demand is hereby made not to dismiss the case prior to the date the Motion is heard.**
>
> **Case law holds that the plaintiff and/or defendant can be subject to Labor Code Violations for failure to comply with said request as to do so would be an intentional action to defraud a statutory right of the employer.**
>
> Therefore please let me know whether either party has an offer to resolve the subrogation lien and if not please let us know so we can intervene into the case.
>
> **AUTHORITY TO INTERVENE**
> Under Federal Rule of Civil Procedure Rule 24(a)(2) upon motion the court must permit anyone to intervene into the case who claims an interest related to the action and is so situated that disposing of the action as a practical matter would impair or impede the moving party's ability to protect its interest. Since the parties appear to be

settling around my client's subrogation lien, Rule 24(a)(2) applies and therefore the Court will grant the Motion.

*Id.*, Ex. C (Notice of Intent).

Notwithstanding Dignity Health's demand that the parties wait to dismiss the case until after the Court had decide the motion to intervene that Dignity Health said it intended to file by August 18, 2017, Schulte and Aramark filed a stipulated dismissal on August 7, 2017, Dkt. No. 29, which the Court signed on August 9, 2017. Dkt. No. 30.

On August 14, 2017, Dignity Health brought the instant motion, arguing that it is entitled to intervene as of right in this action pursuant to Rule 24(a)(2) and that the Court's order dismissing the case should be vacated under Rule 60(b) of the Federal Rules of Civil Procedure because the stipulated dismissal filed on August 7, 2017 amounted to "an action to conduct fraud, misrepresentation, and misconduct." Motion at 6.

Schulte and Aramark filed a joint opposition brief, arguing that Dignity Health has long been aware of this case and that the negligence of its own employee might be the cause of Schulte's injury, and therefore Dignity Health's request intervene in the case is untimely. Opposition at 4-5 (citing *O'Dell v. Freightliner Corp.*, 10 Cal. App. 4th 645, 654 (1992); *Aetna Casualty & Surety Co. v. Superior Court*, 20 Cal. App. 4th 1502, 1507 (1993)). Having failed to timely intervene, the parties contend, it would be inappropriate to set aside the Court's dismissal of the action. *Id.* The parties further contend Dignity Health has cited no authority to support its assertion that they were required under California law to wait until the motion to intervene was filed and decided before dismissing the case, or that their failure to honor the demand by Dignity Health constituted fraud or misconduct. *Id.* at 7. Certainly, they contend, Dignity Health has not met Rule 60's requirement that fraud be established with "clear and convincing evidence." *Id.* (citing *Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir. 1982)). Nor has it shown that this case involves "extraordinary circumstances" that would warrant relief under Rule 60. *Id.* (citing *Klaprott v. United States*, 335 U.S. 601, 613-614 (1949); *Ackerman v. United States*, 340 U.S. 193, 199-202 (1950)).

In its Reply brief, Dignity Health reiterates its position that Schulte and Aramark acted with intent to defraud Dignity Health of its statutory right to intervene by filing a stipulated

dismissal before Dignity Health had filed its motion to intervene. As in the Motion, Dignity Health did not identify the "case authority" referenced in the Notice of Intent or indeed, cite to any case authority in support of its position.

## III. ANALYSIS

### A. Legal Standards

#### 1. Rule 60

Rule 60(b) of the Federal Rules of Civil Procedure provides as follows:

> b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> 1) mistake, inadvertence, surprise, or excusable neglect;
>
> 2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> 3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> 4) the judgment is void;
>
> 5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> 6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

By its terms, Rule 60(b) affords relief only to "parties." *See Citibank Int'l v. Collier-Traino, Inc*., 809 F.2d 1438, 1440 (9th Cir. 1987) ("The district court properly refused to consider Umma's motion to vacate [under Rule 60(b)] because the motion was filed by a nonparty"). This is because an individual or entity must have standing to challenge a judgment or order of dismissal. *Id*.; *see also Padilla v. Willner*, No. 15-CV-04866-JST, 2016 WL 860948, at *9 (N.D. Cal. Mar. 7, 2016) (finding that non-party did not have standing to seek relief under Rule 60(b) and explaining that while a court may grant Rule 60(b) relief without a prior motion by a party, Rule 60(b) does not grant anyone standing where there otherwise was none). The Ninth Circuit

found in *Citibank Int'l v. Collier-Traino, Inc.*, that there is a limited exception to this rule that allows a non-party to seek relief under Rule 60(b) under circumstances analogous to those in which a nonparty would have the right to appeal a judgment. 809 F.2d at 1441. The court explained that "a nonparty to the litigation on the merits will have standing to appeal the decision only in exceptional circumstances when: (1) the party participated in the proceedings below; and (2) the equities favor hearing the appeal." *Id.* In that case, the court concluded that neither requirement was met where the party who sought to appeal the district court's denial of Rule 60 relief had had actual knowledge of the proceedings but had chosen "not to intervene, join, or make an appearance" for strategic reasons in the underlying action. *Id.*

### 2. Rule 24

Rule 24(a)(2) of the Federal Rules of Civil Procedure permits intervention "as of right," providing that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." To meet this standard, an applicant must "demonstrate that '(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.'" *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal quotations and citation omitted)). The party seeking to intervene bears the burden of establishing that all of these requirements are met. *Id.* "In determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention." *Id.*

Timeliness, for the purposes of Rule 24(a)(2), is a "flexible concept." *Id.* "Courts weigh three factors in determining whether a motion to intervene is timely: '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the

reason for and length of the delay.'" *Id.* (quoting *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc*., 309 F.3d 1113, 1119 (9th Cir. 2002)).

### 3. California Workers' Compensation Laws and California Labor Code Section 3859

"An employee injured in the course of employment is entitled to receive compensation benefits from his or her employer without regard to negligence." *O'Dell v. Freightliner Corp*., 10 Cal. App. 4th 645, 653–56 (1992) (citations omitted). While this is an employee's exclusive remedy as to the employer, an employee is not barred from bringing an action against a negligent third party. *Id.* (citing Cal. Labor Code § 3852). "To prevent double recovery by the employee, an employer may recoup the benefits it has paid to the employee by utilizing any of three different means: (1) a direct action against the third party ([Cal. Lab. Code ] § 3852); (2) as a party or an intervener in an action by the employee against the third party ([Cal. Lab. Code] § 3853); or, (3) as a lien claimant against the employee's recovery in an action against the third party ([Cal. Lab. Code] § 3856, subd. (b))." *Id.* (citing *Witt v. Jackson*, 57 Cal.2d 57, 69 (1961); *Heaton v. Kerlan* 27 Cal.2d 716, 721-722 (1946); *Brandon v. Santa Rita Technology, Inc*., 25 Cal.App.3d 838, 842 (1972)). An employee or employer who sues a third party is required to notify the other "forthwith" by personal service or certified mail and file proof of service in the action. Cal. Lab. Code § 3853. *Id.* Similarly, notice must be given to the employer where the employee settles with a third party without filing a lawsuit. *Id.* (citing *Board of Administration v. Glover*, 34 Cal.3d 906, 916 (1983)).

In *Witt v. Jackson*, the California Supreme Court reversed existing law, holding for the first time that a third party tortfeasor could raise an employer's negligence as an affirmative defense and that successful assertion of such a defense defeats an employer's right of reimbursement. 57 Cal. 2d at 72. Thus, California courts have held that an employer is entitled to notice, as a matter of due process, where a third party tortfeasor raises the issue of the employer's concurrent negligence in a lawsuit brought against it by the employee. *O'Dell*, 10 Cal. App. 4th at 654. In that situation, the employer must file a complaint in intervention in order to protect its right to recoup benefits paid to the employee. *Id.*

At the time *Wit* was decided, a claim against a third party tortfeasor by either the injured employee or the employer could not be settled without the valid written consent of the other. *Id.* (citing former Cal. Lab. Code §§ 26, 3859.) In the wake of *Wit*, however, this consent requirement gave negligent employers "bargaining power in the settlement context unrelated to the likelihood of its success in any litigation," allowing them to "tak[e] advantage of an employee's or third party's interest in a quick settlement" to "conceivably coerce an employee or third party into allowing it to share in a settlement." *Id.* (quoting *County of San Diego v. Sanfax Corp.*, 19 Cal.3d 862, 883 (1977); *Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd.*, 22 Cal.3d 829, 837 (1978)). Consequently, the California Labor Code was amended in 1971 to address this problem. *Id.*

The court in *O'Dell* explains the 1971 revisions to the Labor Code as follows:

> In order to free the employee from the necessity of obtaining the employer's consent before settling with a third party tortfeasor, the Legislature amended sections 3859 and 3860 in 1971. Subdivision (b) was added to section 3859. It states: "Notwithstanding anything to the contrary contained in this chapter, an employee may settle and release any claim he [or she] may have against a third party without the consent of the employer. Such settlement or release shall be subject to the employer's right to proceed to recover compensation [the employer] has paid in accordance with Section 3852." (§ 3859, subd. (b).)

> Section 3860, subdivision (b), was amended to read in part: "Except as provided in section 3859, the entire amount of such settlement, with or without suit, is subject to the employer's full claim for reimbursement for compensation [the employer] has paid or become obligated to pay ...."

> These amendments permitted an employee to segregate his or her own damage claim from the employer's claim for reimbursement for workers' compensation benefits paid. "The employee thus is permitted to settle his [or her] own claim for a sum exclusive of amounts ... already received in the form of a workers' compensation award without jeopardizing the employer's subrogation right." (citations omitted).

*Id.* at 655-656.

## B. Discussion

The first question the Court must address in deciding Dignity Health's Motion is whether it has jurisdiction in the first place. *Jou v. Kimberly-Clark Corp.*, No. 13-CV-03075-JSC, 2015 WL 4537533, at *5 (N.D. Cal. July 27, 2015) ("[A] court need not—and, in fact, cannot—consider

whether a proposed intervenor meets the Rule 24 requirements for intervention if it does not have jurisdiction to hear the matter in the first place."). As Judge Corley explained in *Jou v. Kimberly-Clark Corp.*, "Rule 24 does not, in and of itself, create jurisdiction." *Id.* (citing *Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005) ("'Rule 24 . . . states under what circumstances intervention is proper as a matter of procedure but intervention still must be denied, though all the requirements of Rule 24 are met, if the federal court cannot take jurisdiction with regard to the intervenor.'")(quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1917 (2d ed.2004))).

Moreover, it is well-established that "[a] voluntary dismissal divests a federal court of jurisdiction over the underlying claims in the action and the settlement thereof, unless it is expressly retained in the final order." *Colaprico v. Sun Microsystems, Inc.*, No. CIV. 90-20610 SW, 1994 WL 514029, at \*2 (N.D. Cal. Aug. 22, 1994) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S.Ct. 1673, 1677, 128 L.Ed.2d 391 (1994)). In this case, the Court's dismissal order did *not* expressly retain jurisdiction.

Consequently, the Court has jurisdiction to vacate the dismissal under Rule 60(b) only if this case involves the sort of "exceptional circumstances" described *Citibank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440 (9th Cir. 1987). The Court finds that it does not. First, it is undisputed that Dignity Health did not participate in this action. Second, the equities do not favor allowing Dignity Health to seek relief under Rule 60(b). As in *Citibank Int'l v. Collier-Traino, Inc.*, Dignity Health had actual knowledge of this action – including the fact that the key concern of the parties and the Court was whether the individual who allegedly created a dangerous condition was employed by Aramark or Schulte's employer – no later than February 2017. While Dignity Health could have brought a motion to intervene at that time, it chose not to do so. Therefore, the Court concludes that Dignity Health's request to vacate the Court's dismissal and permit it to intervene does not implicate the sort of exceptional circumstances required to establish standing as to a non-party in connection for a request for relief under Rule 60(b).[2]

---

[2] The Court also finds, as an additional basis for its holding, that despite Dignity Health's repeated assertions that Schulte's filing of the stipulated dismissal constituted an attempt to defraud it of its

9

The Court's conclusion is consistent with the result that was reached by the California Court of Appeal in *O'Dell*, discussed above. In that case, the court addressed a scenario similar to the one here. There, an employee sustained work-related injuries when he used a truck ladder that he alleged was defective. 10 Cal. App. 4th at 651. He and his wife sued the manufacturer of the truck ladder but did not give his employer formal notice of the action, as required by Cal. Lab. Code § 3853, until two months before trial and one month before the mandatory settlement conference. *Id.* The employee and his wife entered into a settlement agreement at the mandatory settlement conference and dismissed the action with prejudice approximately two weeks later, a week before the scheduled trial date. *Id.* Subsequently, the employer filed a motion to set aside the dismissal and for leave to file a complaint in intervention, arguing that the plaintiffs had provided inadequate notice under Section 3853. The court agreed that the plaintiffs had breached their duty under Labor Code section 3853 to notify the employer but concluded that the remedy sought by the employer was not appropriate. *Id.* at 658.

The court in *O'Dell* found that under California Code of Civil Procedure section 473(2)(b) – the state law counterpart to Rule 60 that permits courts to vacate a judgment or order of dismissal under certain circumstances – it did not have jurisdiction over the request of a non-party for relief. *Id.* at 659. It explained:

> [T]he plaintiff in a lawsuit has an absolute right to dismiss. (Code Civil Proc., § 581, subd. (b)(1).) Neither the clerk nor the trial court has any discretion in the matter. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 67, pp. 378-379.) Numerous cases note that voluntary dismissal of a lawsuit terminates the trial court's jurisdiction over the matter. (*Aetna Casualty & Surety Co. v. Humboldt Loaders, Inc.* (1988) 202 Cal.App.3d 921, 931 [249 Cal.Rptr. 175]; *Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120 [108 Cal.Rptr. 782].) (But see, *Basinger v. Rogers & Wells* (1990) 220 Cal.App.3d 16, 21-22 [269 Cal.Rptr. 332] [which notes the breadth of this statement must be limited so as to except the trial court's retention of jurisdiction to vacate the dismissal upon motion of a party pursuant

statutory rights, it has cited no case authority to support that conclusion and the Court can find none. Nor has it cited any case that suggests that Schulte's conduct rose to the level of fraud. While the Court does not reach the question of whether Schulte met the obligations imposed upon her by California law with respect to notice, it finds no authority that suggests that the dismissal was the sort of misconduct that would warrant an exercise of the Court's discretion to vacate the dismissal under Rule 60(b) even assuming Dignity Health had standing to pursue such a request.

to Code Civ. Proc., § 473].)

> Upon the O'Dells' voluntary dismissal of the lawsuit, it terminated. The filing of a lien after voluntary dismissal of the action could not confer standing as a party on [the employer]. The action already had been dismissed.

*Id.* The court went on to conclude that the employer's "only remedy" was a "new action." *Id.* at 661. It also noted that "although the 1971 amendments to the Labor Code . . . have eliminated an employer's potential cause of action against an employee for failure to obtain the employer's consent to a settlement, an employer nonetheless retains the right to sue for breach of the duty to notify." *Id.* at 660.

## IV.     CONCLUSION

This Court, like the *O'Dell* court, concludes that whatever claims Dignity Health may be able to assert against Schulte or Aramark with respect to the adequacy of the notice it received under the California Labor Code, the remedy it seeks is not appropriate. Schulte has dismissed her claims against Aramark and the Court has already entered an order dismissing the action with prejudice. The Court was divested of jurisdiction with that Order, which Dignity Health does not have standing to challenge. The Motion is DENIED.

**IT IS SO ORDERED.**

Dated:  September 14, 2017

_____
JOSEPH C. SPERO
Chief Magistrate Judge